**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                                 (State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Templar Energy LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 0 _ 0 8 7 4 7 1 9 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4700 Gaillardia Parkway, Suite 200 | |
| Number      Street | Number      Street |
| | P.O. Box |
| Oklahoma City     OK    73142 | |
| City      State    ZIP Code | City      State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Oklahoma | |
| County | Number      Street |
| | |
| | City      State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | http://templar.energy |

Debtor ___Templar Energy LLC_____     Case number (if known)_____
           Name

6. **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

7. **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_2_  _1_  _1_  _1_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    <u>Templar Energy LLC</u>
     Name

Case number *(if known)* _____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☐ No

   ☐ Yes. District _____ When _____ Case number _____
                                MM / DD / YYYY

            District _____ When _____ Case number _____
                                MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☐ Yes. Debtor   See Attachment 1 _____ Relationship _____

             District _____ When _____
                                          MM / DD / YYYY

             Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☐ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                       Number      Street

        _____

        _____
        City                           State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

**Statistical and administrative information**

---

| Debtor | Templar Energy LLC | Case number (if known)_____ |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| **14. Estimated number of creditors**<br>**(On a consolidated basis)** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☑ 25,001-50,000<br>☑ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|

| **15. Estimated assets**<br>**(On a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

| **16. Estimated liabilities**<br>**(On a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/01/2020
              MM / DD / YYYY

🖳 */s/ Brian A. Simmons*                              Brian A. Simmons
Signature of authorized representative of debtor        Printed name

Title   Chief Executive Officer

Debtor  Templar Energy LLC
_____     Case number (if known)_____
        Name

**18. Signature of attorney**

⬆ _/s/ Pauline K. Morgan_____     Date    06/01/2020_____
    Signature of attorney for debtor                         MM   / DD  / YYYY

Pauline K. Morgan_____
Printed name

Young Conaway Stargatt & Taylor, LLP_____
Firm name

Rodney Square, 1000 North King Street_____
Number       Street

Wilmington_____     DE_____  19801_____
City                                       State        ZIP Code

(302) 571-6600_____     pmorgan@ycst.com_____
Contact phone                              Email address

3650_____     DE_____
Bar number                                 State

## ATTACHMENT 1

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

Templar Energy LLC
TE Holdcorp, LLC
TE Holdings, LLC
TE Holdings II, LLC
Templar Operating LLC
Templar Midstream LLC
TE Holdings Management LLC

**OMNIBUS ACTION TAKEN BY WRITTEN CONSENT
OF THE AUTHORIZED REPRESENTATIVES
OF EACH OF THE TRANSACTION PARTIES**

May 31, 2020

The undersigned, as set forth on the signature pages hereof, acting pursuant to the applicable statutory and other legal requirements for each of the applicable entities listed on Annex I attached hereto (each, a "Transaction Party"), constitute the members, managers, or other applicable representatives of each Transaction Party, as set forth on the signature pages hereof, required by applicable law and the applicable Transaction Party's organizational documents (the "Applicable Requirements") to act for each such Transaction Party (each such member, manager, or other applicable representative, a "Resolving Person"), and each and all of the undersigned, acting in accordance with the authority required by the Applicable Requirements and waiving all notice, do hereby consent to and adopt the following resolutions contained herein and do authorize the taking of actions specified herein without a meeting by written consent by each Transaction Party, and all such authorizations of actions by any Transaction Party hereunder shall include actions taken by such Transaction Party on behalf of itself and (if applicable) as a member, managing member, manager, or other type of representative whether similar to, or different from, the foregoing with the power, alone or together with other such representatives, to take action on behalf of, or to bind, another person.

WHEREAS, each Resolving Person has had the opportunity to consult with management and the legal and financial advisors of the applicable Transaction Parties to fully consider each of the strategic alternatives available to each Transaction Party; and

WHEREAS, each Resolving Person has determined that it is desirable and in the best interests of each Transaction Party and its creditors, equity holders, and other parties-in-interest that petitions be filed by each Transaction Party, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to undertake other actions related thereto.

**NOW, THEREFORE, BE IT:**

1. **Commencement of Chapter 11 Cases**

RESOLVED, that each Resolving Person has determined, after consultation with the management and the legal and financial advisors of the applicable Transaction Party for which it acts as a Resolving Person, that it is desirable and in the best interests of such Transaction Party, its creditors, equity holders, and other parties-in-interest that a petition be filed by such Transaction Party seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, and Secretary of Templar Operating LLC (each, an "Authorized Officer"), acting alone or with one or more other Authorized Officers, be, and each hereby is, authorized, empowered, and directed

to execute and file in the name and on behalf of each Transaction Party all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Transaction Parties' chapter 11 cases (the "Chapter 11 Cases"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in these resolutions, with a view to the successful prosecution of the Chapter 11 Cases.

## 2.   Entry into Restructuring Support Agreement and Solicitation of the Plan

RESOLVED, that in the judgment of each Resolving Person, it is desirable and in the best interests of each Transaction Party, its creditors and other parties-in-interest, that such Transaction Party shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "RSA") by and among the Transaction Parties and certain consenting lenders substantially in the form presented to each Resolving Person on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

RESOLVED, that in the judgment of each Resolving Person, it is desirable and in the best interests of each Transaction Party, its equity holders, its creditors, and other parties-in-interest to commence solicitation of the *Joint Prepackaged Plan of Liquidation of Templar Energy LLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "Plan") pursuant to section 1125(g) and 1125(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Transaction Party's performance of its obligations under the RSA and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of each Transaction Party, the RSA, any additional agreements contemplated thereunder, any related ancillary documentation, and to take any and all actions necessary or advisable to advance such Transaction Party's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute the RSA on behalf of each Transaction Party and to take all necessary actions in furtherance of consummation of such agreement's terms, including commencing solicitation of the Plan.

## 3.   Debtor-in-Possession Financing

RESOLVED, that in connection with each Chapter 11 Case, it is in the best interests of each Transaction Party to engage in, and each Transaction Party will obtain benefits from, the lending transactions under a senior secured debtor-in-possession credit facility in an aggregate principal amount of $37,500,000 (the "DIP Financing") to be evidenced by that certain senior secured super-priority priming debtor-in-possession credit agreement (together with the

exhibits and schedules attached thereto, the "DIP Credit Agreement") among certain of the Transaction Parties, the financial institutions party thereto as lenders, Bank of America, N.A., as administrative agent thereunder, and any other agents and entities from time to time party thereto, substantially in the form presented to each Resolving Person on or in advance of the date hereof, subject to approval by the Bankruptcy Court, and each Resolving Person acknowledges and agrees that the transactions contemplated by these resolutions are necessary and appropriate to the conduct, promotion, and attainment of the business of the Transaction Parties;

RESOLVED, that in connection with the DIP Financing, the lenders party to that certain First Lien Credit Agreement, dated as of November 25, 2013 (as amended as of August 1, 2019 by that certain Sixth Amendment, as further amended, restated, amended and restated, supplemented, or otherwise modified from time to time prior to the Petition Date, the "Prepetition Credit Agreement"), by and among the Transaction Parties, the lenders party thereto (the "Prepetition Lenders") and Bank of America, N.A., as administrative agent for the Prepetition Lenders, extended certain loans to the Transaction Parties (the "Prepetition Loans"), and an amount no less than $12,500,000 of the Prepetition Loans, shall be converted into loans under the DIP Credit Agreement, which shall be deemed to have been advanced on the closing date thereof;

RESOLVED, that each Transaction Party be, and it hereby is, authorized to secure the payment and performance of the obligations under the DIP Credit Agreement by (a) pledging to the agent or lender(s) under the DIP Credit Agreement or granting to the agent or lender(s) under the DIP Credit Agreement a lien, mortgage, and/or security interest in, all or any portion of the Transaction Parties' property or interests in property as set forth in the DIP Credit Agreement, any related orders to be entered by the Bankruptcy Court (the "DIP Orders"), or any other agreements or documents related thereto and (b) entering into the Loan Documents (as defined in the DIP Credit Agreement), any promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, subordination agreements, intercreditor agreements, agreements with third parties (including, without limitation, lockbox agreements, cash management agreements and deposit account control agreements) relating to the collateral, indemnity agreements and other agreements (including, without limitation, certificates, affidavits, financing statements, applications, notices and other agreements or instruments of any kind or nature whatsoever authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Financing) as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Officer executing the same (collectively with the DIP Credit Agreement and the DIP Orders, the "DIP Financing Documents"), the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination;

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Transaction Party, to cause such Transaction Party to negotiate and approve the terms, provisions of, and performance of, and to prepare, execute, and deliver the DIP Financing Documents to which such Transaction Party is

a party, in the name and on behalf of such Transaction Party, and such other documents, agreements, instruments, and certificates as may be required;

RESOLVED, that the Borrower (as defined in the DIP Credit Agreement) is authorized to request extensions of credit and borrow under the DIP Facility and each Transaction Party is authorized to guarantee, as applicable, any obligations of any party to the DIP Financing Documents and undertake any and all related transactions contemplated under the DIP Financing Documents, including the granting of security thereunder;

RESOLVED, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of each applicable Transaction Party as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the parties to the DIP Financing Documents, and to authorize, execute, verify, file and/or deliver, on behalf of each applicable Transaction Party, all agreements, documents and instruments required in connection with the foregoing;

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Transaction Party, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable to perform such Transaction Party's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions, the taking of such actions to be conclusive evidence of such determination; and

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Transaction Party, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, desirable, proper or advisable.

## 4.  Plan and Disclosure Statement

RESOLVED, that the Transaction Parties, as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to: (a) execute and deliver the Plan, associated disclosure statement (the "Disclosure Statement"), and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Transaction Parties; and (b) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan or Disclosure Statement.

## 5.  Retention of Professionals

RESOLVED, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP as chapter 11 co-counsel to represent and assist the Transaction Parties in carrying out their duties under the Bankruptcy Code or in the Chapter 11

Cases and to take any and all actions to advance the Transaction Parties' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ the law firm of Young Conaway Stargatt & Taylor, LLP as chapter 11 co-counsel to represent and assist the Transaction Parties in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Transaction Parties' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ Kurtzman Carson Consultants LLC as claims, noticing, and solicitation agent in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ Guggenheim Securities, LLC as investment banker in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ Alvarez & Marsal North America, LLC as financial advisor in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ any other professionals to assist the Transaction Parties in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and all related matters and to take any and all actions to advance the Transaction Parties' rights and obligations; and

RESOLVED, that any Authorized Officer is hereby authorized and directed in the name and on behalf of the Transaction Parties to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals, as necessary.

**6.** **Omnibus Resolutions**

RESOLVED, that any terms in the Transaction Parties' organizational documents providing for the dissolution or winding up of a Transaction Party upon the bankruptcy or dissolution of a member of such Transaction Party are not operative, and the Transaction Parties' organizational documents hereby are amended to provide that the bankruptcy or dissolution of any member of a Transaction Party, or any other event related to the commencement of the Chapter 11 Cases, shall not cause a Transaction Party to be dissolved or its affairs to be wound up, and that upon the occurrence of any such event, each Transaction Party shall continue without dissolution;

RESOLVED, that each Resolving Person has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Transaction Party, or hereby waives any right to have received such notice;

RESOLVED, that all actions heretofore taken by any Authorized Officer or other representative, counsel, agent or advisor of any Transaction Party, in connection with any matter referred to in any of the foregoing resolutions are hereby approved, ratified and confirmed in all respects; and

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Transaction Party, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first above written.

**TE Holdcorp, LLC**

_____          _____
Charles Sledge, Chairman                            Brian A. Simmons, Manager and CEO


_____          (vote granted to Charles Sledge by proxy)
Marcelo Kim, Manager                                 Mike Bevacqua, Manager

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first written above.

TE Holdcorp, LLC

_____
Charles Sledge, Chairman

_____
Brian A. Simmons, Manager and CEO

_____
Marcelo Kim, Manager

(vote granted to Charles Sledge by proxy)
Mike Bevacqua, Manager

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first above written.

**TE Holdcorp, LLC**

_____
Charles Sledge, Chairman

_____
Brian A. Simmons, Manager and CEO

_____
Marcelo Kim, Manager

_____
 (vote granted to Charles Sledge by proxy)
Mike Bevacqua, Manager

**TE Holdings, LLC**

By: TE Holdcorp, LLC, as Managing Member of
TE Holdings, LLC

_____

Name:  Brian A. Simmons
Title:    Manager and CEO

**TE Holdings II, LLC**

By: TE Holdings, LLC, as Managing Member of
TE Holdings II, LLC

_____

Name:  Brian A. Simmons
Title:   CEO

**Templar Energy LLC**

By: TE Holdings II, LLC, as Managing Member of
Templar Energy, LLC

Name:   Brian A. Simmons
Title:    CEO

**Templar Operating LLC**

By: Templar Energy LLC, as the sole member of
Templar Operating LLC

_____

Name:  Brian A. Simmons
Title:   CEO

**TE Holdings Management LLC**

By: TE Holdcorp, LLC, as the sole managing
member of TE Holdings Management LLC

Name:  Brian A. Simmons
Title:    Manager and CEO

**Templar Midstream LLC**

Name: Brian A. Simmons
Title:                 MANAGER

## **ANNEX I**

### **Transaction Parties**

Templar Energy LLC

TE Holdcorp, LLC

TE Holdings, LLC

TE Holdings II, LLC

Templar Operating LLC

Templar Midstream LLC

TE Holdings Management LLC

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name: Templar Energy LLC et al.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: District of Delaware</td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

☐ Check if this is an amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ENERFLEX ENERGY SYSTEMS, INC. 10815 TELGE ROAD HOUSTON, TX 77095 | Marc E. Rossiter - CEO EMAIL - mrossiter@enerflex.com PHONE - (713) 253-5200 FAX - | Trade Payable | | | | $ 440,522 |
| 2 | J-W POWER COMPANY 16479 N. DALLAS PARKWAY SUITE 850, LB-8 ADDISON, TX 75001 | Pam Barnhart - SVP, Administration EMAIL - pbarnhart@jwenergy.com PHONE - (214) 629-9352 FAX - | Trade Payable | | | | $ 352,942 |
| 3 | CONTANGO RESOURCES INC 717 TEXAS AVENUE SUITE 2900 HOUSTON, TX 77002 | Wilkie S. Colyer - CEO EMAIL - WColyer@contango.com PHONE - (404) 376-1930 FAX - | Trade Payable | | | | $ 266,172 |
| 4 | FOURPOINT ENERGY LLC 100 ST. PAUL STREET DENVER, CO 80206 | George H. Solich - President & Chief Executive Officer EMAIL - gsolich@fourpointenergy.com PHONE - (303) 290-0990; (303) 886-7805 FAX - | Trade Payable | | | | $ 235,417 |
| 5 | BLACKBEARD OPERATING LLC 1751 RIVER RUN, SUITE 405 FORT WORTH, TX 76107 | Kaleb Smith - CEO EMAIL - PHONE - (432) 242-0050 FAX - (432) 614-2094 | Trade Payable | | | | $ 231,736 |
| 6 | PRESIDIO MPO LLC 500 W 7TH ST, SUITE 803 FORT WORTH, TX 76102 | Will Ulrich - Co-CEO EMAIL - will@presidiopetroleum.com PHONE - (917) 375-8679 FAX - | Trade Payable | | | | $ 121,906 |
| 7 | USA COMPRESSION PARTNERS, LP 111 CONGRESS AVENUE SUITE 2400 AUSTIN, TX 78701 | Eric D. Long - CEO EMAIL - elong@usacompression.com PHONE - (214) 378-8651 FAX - | Trade Payable | | | | $ 100,629 |
| 8 | MOMENTUM TRANSPORTS, LLC 12284 HWY 30 ERICK, OK 73645 | Clay Brooks - Manager EMAIL - cbrooks@momentum-transports.com PHONE - (405) 208-3635 FAX - | Trade Payable | | | | $ 93,492 |
| 9 | TERRITORY RESOURCES LLC 1511 S SANGRE RD STILLWATER, OK 74074-1869 | Sean Morgan - CFO EMAIL - ownerrelations@territoryllc.com PHONE - (405) 533-1300 FAX - | Trade Payable | | | | $ 88,153 |
| 10 | IHS GLOBAL INC 15 INVERNESS WAY EAST ENGLEWOOD, CO 80112 | Leisha Archie - Executive Director - Energy Sales EMAIL - Leisha.Archie@ihsmarkit.com PHONE - (405) 415-3605 FAX - | Trade Payable | | | | $ 80,769 |

Debtor: Templar Energy LLC et al.,

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | H2O TRANSPORTS LLC 105 4TH AVENUE REYDON, OK 73660 | Derek Hawkins – Managing Member (President) EMAIL - derekhawkins@h2otransports.com PHONE - (580) 515-1468 FAX - | Trade Payable | | | | $    69,556 |
| 12 | TRANSZAP, INC. 633 17TH STREET SUITE 2000 DENVER, CO 80202 | James Gattis - Senior Account Director EMAIL - james.gattis@enverus.com PHONE - (918) 633-7533 FAX - | Trade Payable | | | | $    65,527 |
| 13 | CHAMPIONX U.S. 3 INC 11177 S STADIUM DR SUGAR LAND, TX 77478 | Caleb Roberts - District Manager EMAIL - caleb.roberts@championx.com PHONE - (580) 374-5963 FAX - | Trade Payable | | | | $    64,535 |
| 14 | NETHERLAND, SEWELL & ASSOCIATES, INC. 2100 ROSS AVENUE SUITE 2200 DALLAS, TX 75201 | Lauren Vernon - Vice President EMAIL - lvernon@nsai-petro.com PHONE - (713) 654-4950 FAX - | Trade Payable | | | | $    57,904 |
| 15 | CORLENA OIL COMPANY 619 S TYLER SUITE 210 AMARILLO, TX 79101 | W. Jeff Chestnut - Partner EMAIL - jeff@corlena.com PHONE - (806) 372-5044 FAX - | Trade Payable | | | | $    47,635 |
| 16 | HALCYON EQUIPMENT, LLC 24130 STATE HIGHWAY 76 RATLIFF CITY, OK 73481 | Mike Shores - Owner EMAIL - mike@shorescompany.com PHONE - (580) 856-2182 FAX - | Trade Payable | | | | $    42,492 |
| 17 | ELYNX TECHNOLOGIES LLC 2431 E. 61ST STREET SUITE 700 TULSA, OK 74105 | Carson Bryant - Account Executive EMAIL - carson.bryant@elynxtech.com PHONE - (918) 496-6447 FAX - | Trade Payable | | | | $    39,855 |
| 18 | POLARIS OPERATING LLC 8226 DOUGLAS AVE STE 325 DALLAS, TX 75225 | Mike Christe - CEO EMAIL - Mike@polarisoperating.com PHONE - (214) 563-8942 FAX - | Trade Payable | | | | $    34,066 |
| 19 | JGR OILFIELD SERVICES LLC 1724 E MOHR LANE MUSTANG, OK 73064 | John Rivero - Owner EMAIL - JGRoilfield@hotmail.com PHONE - (405) 408-4910 FAX - | Trade Payable | | | | $    34,065 |
| 20 | O&B TANK COMPANY, INC. 512 W. HWY 15 DARROUZETT, TX 79024 | Andrew Skipper - General Manager EMAIL - andrewobtank@gmail.com PHONE - (620) 655-6044 FAX - | Trade Payable | | | | $    33,799 |
| 21 | LDI LLC 13030 COUNTY ROAD 24 SPREARMAN, TX 79081 | Ross Donahue - Member Chairman EMAIL - ldillctrucking@yahoo.com PHONE - (806) 270-0157 FAX - | Trade Payable | | | | $    33,445 |
| 22 | AUTOMOTIVE RENTALS, INC. 4001 LEADENHALL ROAD MOUNT LAUREL, NJ 08054 | Brent Davis - District Sales Manager EMAIL - bdavis@arifleet.com PHONE - (817) 343-1636 FAX - | Trade Payable | | | | $    29,310 |
| 23 | PERFEX CHEMICAL SOLUTIONS LLC 1050 N. PRICE ROAD PAMPA, TX 79065 | Cody Williams - President EMAIL - cwilliams@perfexservices.com PHONE - (405) 301-7713 FAX - | Trade Payable | | | | $    29,091 |
| 24 | CSI COMPRESSCO LP 24955 INTERSTATE 45 NORTH THE WOODLANDS, TX 77380 | Ron Foster - Regional Sales Manager – Mid-Con EMAIL - RFoster@compressco.com PHONE - (405) 229-1625 FAX - | Trade Payable | | | | $    25,530 |

Debtor: Templar Energy LLC et al.,      Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | FLOWCO PRODUCTION SOLUTIONS 20405 STATE HWY 249, SUITE 600 HOUSTON, TX 77070 | Susan Horton - CFO EMAIL - accounting@flowcosolutions.com PHONE - (281) 528-6298 FAX - | Trade Payable | | | | $    25,249 |
| 26 | JACAM CHEMICALS 2013, LLC 205 S. BROADWAY STERLING, KS 67579 | Vern Disney - President EMAIL - vern.disney@catalystoilfield.com PHONE - (620) 278-3355 FAX - | Trade Payable | | | | $    21,138 |
| 27 | PRECISION COMPRESSION LLC 2007 RANGER HWY WEATHERFORD, TX 76088 | Ryan Benge - VP of Sales & Marketing EMAIL - ryanb@precisioncompression.com PHONE - (817) 550-6901 FAX - | Trade Payable | | | | $    20,644 |
| 28 | OILFIELD LABS OF AMERICA 2415 W ALABAMA ST. SUITE 204 HOUSTON, TX 77098 | Robert Mitchell - Chief Technology Officer EMAIL - Robert.mitchell@oilfieldloa.com PHONE - (432) 703-2757 FAX - | Trade Payable | | | | $    20,580 |
| 29 | SPITFIRE ENERGY GROUP LLC 101 PARK AVENUE, SUITE 1400 OKLAHOMA CITY, OK 73102 | Gungoll Jackson Box & Devoll, P.C. Brad Gungoll EMAIL - PHONE - (405) 272-4710 FAX - (405) 272-5141 | Pending Litigation/ Trade Payable | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30 | WESTERN ASSOCIATION OF FISH AND WILDLIFE AGENCIES 2700 W. AIRPORT WAY BOISE, ID 83705 | J. Patrick Mensching - Attorney of Record EMAIL - pmensching@dsda.com PHONE - (918) 591-5240 FAX - (918) 925-5240 | Pending Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TEMPLAR ENERGY LLC, *et al.*,[1] | Case No. 20-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Templar Energy LLC ("Templar Energy") and its affiliates, each a debtor and debtor-in-possession in the above-captioned cases (each, a "Debtor"), hereby state as follows:

1.      TE Holdcorp, LLC ("Holdcorp") is the direct or indirect parent of each Debtor. The holders of five percent or more of any class of units of Holdcorp are set forth below:

| Equity Holder | % Class A Common Units | % Class B Common Units | % Class A Preferred Units | % Class B Preferred Units | % of Total Units |
|---|---|---|---|---|---|
| Le Norman Titan Investment | 0.00% | 0.00% | 0.00% | 33.05% | 19.42% |
| Ares Management, LLC | 11.23% | 19.66% | 20.98% | 5.57% | 15.01% |
| Paulson & Co. Inc. | 15.11% | 0.00% | 30.38% | 0.00% | 13.99% |
| Bain Capital | 9.08% | 14.97% | 14.45% | 4.23% | 11.13% |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Templar Energy LLC (4719), TE Holdcorp, LLC (6730), TE Holdings, LLC (3115), TE Holdings II, LLC (N/A), Templar Operating LLC (0810), Templar Midstream LLC (3275), and TE Holdings Management LLC (7467). The address of the Debtors' corporate headquarters is 4700 Gaillardia Parkway, Suite 200, Oklahoma City, Oklahoma 73142.

| | | | | | |
|---|---|---|---|---|---|
| FS Investments | 0.00% | 42.92% | 11.62% | 0.00% | 7.49% |
| Lord Abbett | 6.42% | 0.00% | 5.64% | 0.00% | 3.75% |
| Archview Investment | 5.35% | 0.00% | 4.38% | 0.00% | 3.03% |
| Bank of America | 5.42% | 4.65% | 2.24% | 0.00% | 2.84% |
| Seix Advisors | 8.22% | 0.00% | 0.04% | 0.00% | 2.64% |
| Bardin Hill / Halcyon Loan Invest Management | 7.98% | 0.00% | 0.00% | 0.00% | 2.55% |
| Oppenheimer Funds | 7.23% | 0.00% | 0.00% | 0.00% | 2.31% |
| Wayzata Investment | 0.10% | 6.37% | 0.00% | 0.00% | 0.62% |

2.      The holders of five percent or more of the total units of Debtor TE Holdings Management LLC are set forth below:

| Equity Holder | Percentage of Class I Units |
|---|---|
| David D. Le Norman | 29.86% |
| Brian A. Simmons | 16.59% |

3.      The holders of five percent or more of any class of units of Debtor TE Holdings, LLC ("Holdings") are set forth below:

| Equity Security Holder | % of Class A Common Units | % of Class A Preferred Units | % of Total Units |
|---|---|---|---|
| TE Holdcorp, LLC | 77.70% | 51.79% | 62.47% |
| Le Norman Titan Investment | 0.00% | 32.72% | 19.23% |
| Ares Management, LLC | 4.38% | 5.51% | 5.05% |
| FS Investments | 9.57% | 0.00% | 3.95% |

4.    Debtor TE Holdings II, LLC ("Holdings II") is 100% owned by Holdings.

5.    Debtor Templar Energy is 100% owned by Holdings II.

6.    The following Debtors are 100% owned by Templar Energy:

- Templar Operating LLC

- Templar Midstream LLC

**Fill in this information to identify the case and this filing:**

Debtor Name ___Templar Energy LLC___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration___Consolidated Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/01/2020___          û  */s/ Brian A. Simmons*_____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                          Brian A. Simmons_____
                                          Printed name

                                          Chief Executive Officer_____
                                          Position or relationship to debtor